IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HUNTLEIGH SECURITIES CORPORATION, )
a Missouri corporation, )
 )
                   Plaintiff, )
 )
vs. )  Case No.  13-CV-1367
QUEST EMS, LLC f/k/a QUESTCARE, LLC, )
a Missouri limited liability company, )
 )
   Serve:  Rodney L. Washburn )
           2500 Adie Road )
           Maryland Heights, MO 63043 )
 )
and )
 )
PHILLIP ELLIOTT, an individual, )
 )
   Serve:  637 N. Arnold Ave. )
           Prestonsburg, KY 41653 )
 )
                  Defendants. )

**COMPLAINT TO INTERPLEAD FUNDS**

COMES NOW, Plaintiff Huntleigh Securities Corporation ("Huntleigh"), by and through its attorneys, and for its Complaint to Interplead Funds against Defendants Quest EMS, LLC f/k/a Questcare, LLC ("Quest") and Phillip Elliott ("Elliott"), respectfully states as follows:

**The Parties**

1.    Plaintiff Huntleigh is a Missouri corporation and a registered securities broker/dealer with its principal place of business in St. Louis County, Missouri.

2.    Upon information and belief, Defendant Quest EMS, LLC f/k/a Questcare, LLC ("Quest") is a Missouri limited liability company with its principal place of business in St. Louis County, Missouri.

3. Upon information and belief, Defendant Phillip Elliott ("Elliott") is a citizen of the Commonwealth of Kentucky.

## Jurisdiction and Venue

4. As Defendants Quest and Elliott are diverse from one another and the assets in the subject account exceed $500, this Court has jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335.  Further, Fed. R. Civ. P. 22(a)(1) provides "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."

5. As one of the Defendants, Quest, resides in the Eastern Division of the Eastern District of Missouri, venue is proper pursuant 28 U.S.C. § 1397 and E.D.Mo. L.R. 2.07.

## Factual Background Allegations

6. Huntleigh currently maintains an account registered to Questcare LLC Collateral Account FBO Phillip Elliott, Account No. XXXX-2645[1] (the "Subject Account").

7. Based on information and belief, the Subject Account was established for purposes of indemnifying Quest in connection with the sale of certain ambulance companies.

8. Based on information and belief, a Stock Purchase Agreement between Quest and Elliott provides for the creation of the Subject Account (to be invested at the sole discretion of Quest) and requires the signature of both Elliott (or his agent) and Quest before funds can be withdrawn from the Subject Account.

9. Based on information and belief, the Stock Purchase Agreement further contemplates that, over time, funds from the Subject Account may be withdrawn by Elliott and/or used to cover certain indemnity claims.

---

[1] The complete account number for the Subject Account has been redacted for privacy purposes.

1427322                                                            2

10. In December, 2010, Elliott and Quest entered into a Control Agreement and Acknowledgement of Pledge and Security Interest in which they jointly notified Huntleigh that Quest had a security interest in the Subject Account and directed Huntleigh to hold all funds in the Subject Account subject to Quest's written instructions.  A copy of said Agreement is attached as **Exhibit A**.

11. Quest and Elliott are now litigants in lawsuits pending in Floyd County Circuit Court for the Commonwealth of Kentucky.  Upon information and belief, the subject matter of these lawsuits involves various claims for indemnity and, among other things, who has the right to the funds in the Subject Account.  Huntleigh is currently not a party to either case and is not subject to jurisdiction in Kentucky.

12. By Order dated May 24, 2013, the Floyd County Circuit Court appears to have ordered that: (1) Elliott be allowed to withdraw funds equaling up to $83,000 from the Subject Account to reimburse Elliott for certain amounts he has paid towards ambulance leases; and (2) Elliott be allowed to withdraw $200,000 from the Subject Account pursuant to the court's reading of the Stock Purchase Agreement.  A copy of said Order is attached as **Exhibit B**.

13. Based on information and belief, there has been no final judgment rendered by the Floyd County Circuit Court and at least one of those pending cases is scheduled for trial in September, 2013.

14. Subsequent to the Floyd County Circuit Court's order, Huntleigh was contacted by counsel for Elliott and received a demand that funds from the Subject Account be immediately released to Elliott.

15. Contrary to Elliott's demand that funds be released as outlined in the Floyd County Circuit Court's order, Quest has refused to grant Huntleigh authority to release funds to

Elliott as required by the Stock Purchase Agreement and the Control Agreement and Acknowledgement of Pledge and Security Interest.

16.     As can be seen, both Defendants Quest and Elliott claim a right and interest to the assets in the Subject Account.  The Subject Account is currently restricted and, as of July 16, 2013, it had a combined total market value of approximately $467,814.30.  This value fluctuates depending on the value of the underlying assets.

17.     Based on the above, Huntleigh alleges that a present controversy exists between Quest and Elliott regarding all the assets held in the Subject Account.

18.     Because of the competing and conflicting claims of Quest and Elliott, Huntleigh is unable to determine which party is entitled to the assets held in the Subject Account and cannot distribute same without potentially being exposed to double or multiple liability.

19.     Huntleigh has no interest in the assets held in the Subject Account, is merely a stakeholder, and is not required to make a legal determination as to the rights of Quest and Elliott.

20.     Huntleigh is not filing this Complaint in collusion with either of the Defendants, but is filing this Complaint in good faith for the sole purpose of being released from the danger of being held liable for the same obligation to different parties, and to avoid being named a party in litigation pending in the Commonwealth of Kentucky, which Elliott is attempting to pursue related to the full amount of the funds in the Subject Account not just the amounts identified in the Floyd County Circuit Court's order.

21.     To avoid injury from the competing and conflicting claims of Defendants, Huntleigh requests an Order requiring it to deposit the assets in the Subject Account into the

registry of the Court and dismissing it from this action.  Then, the Court may make a determination regarding the status of such assets.

22.     Huntleigh stands ready, willing, and able to deliver the assets in the Subject Account, which amount to approximately $467,814.30, subject to any outstanding fees, charges and offsetting liabilities[2] that the parties agreed to pay Huntleigh, with this Court so that the competing claims can be determined.

23.     Pursuant to 28 U.S.C. § 2361, Huntleigh also seeks an Order enjoining Quest and/or Elliott from naming Huntleigh as a party in any other state or federal lawsuit relating to the assets in the Subject Account including, but not limited to, Floyd County Circuit Court Case Nos. 13-CI-00051 and 13-CI-00074.

24.     Finally, Huntleigh requests an award from the assets in the Subject Account in an amount equal to the attorneys' fees and costs it has incurred in connection with this action.  See e.g., Northwest Sav. Bank v. Rate Search, Inc., Case No. 4:10-CV-00665 AGF, 2010 U.S. Dist. LEXIS 99650 at *7 (E.D. Mo. Sept. 22, 2010) ("Attorney's fees and costs are properly awarded upon discharge of an [sic] disinterested stakeholder in an interpleader action.").

WHEREFORE, Huntleigh prays that this Court:

A.      order Huntleigh to liquidate the assets in the subject account within five (5) business days of the date of entry of an Order directing such liquidation, and thereafter close the Subject Account;

B.      order Huntleigh to deposit the assets in the Subject Account (minus any outstanding fees, charges and offsetting liabilities that the parties owe Huntleigh), into this Court

---

[2] The Subject Account has a margin loan balance that needs to be satisfied upon liquidation of the assets and before delivery to the Court.

1427322                                       5

within ten (10) business days of the date of entry of an Order directing such deposit, in the form and manner as may be directed by this Court;

  C. order that upon deposit of said assets into the Court, Huntleigh be released and discharged from any and all claims and liability to Defendants Quest and Elliott with respect to such assets;

  D. order that upon deposit of said assets into the Court, Huntleigh be dismissed from the action as it has no interest in the interpleaded funds;

  E. order that Quest and/or Elliott be enjoined from naming Huntleigh as a party in any other state or federal lawsuit relating to the assets in the Subject Account including, but not limited to, Floyd County Circuit Court Case Nos. 13-CI-00051 and 13-CI-00074;

  F. order that Huntleigh be granted an award from the subject assets in an amount equal to its attorneys' fees and costs; and

  G. order such other and further relief as this Court deems just and proper.

Dated:  July 16, 2013         Respectfully submitted,

              GREENSFELDER, HEMKER & GALE, P.C.

              By: /s/ Wendy S. Menghini
                Wendy S. Menghini, #51381MO
                *wms@greensfelder.com*
                Donald D. McBride II, #59107MO
                *ddm@greensfelder.com*
                10 S. Broadway, Suite 2000
                St. Louis, MO 63102
                (314) 241-9090
                (314) 241-4245 (FAX)

              ***Attorneys for Plaintiff Huntleigh Securities Corporation***